UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ELIZABETH KINSLEY, M.D.**                                **CIVIL ACTION**

**VERSUS**                                                  **NO. 07-2219**

**LAKEVIEW REGIONAL MEDICAL CENTER, LLC**
**AND MAX LAUDERDALE**                                      **SECTION "T"(3)**

ORDER AND REASONS

Before the Court are motions by Defendants Lakeview Regional Medical Center and Max Lauderdale (collectively, "Defendants") to dismiss Plaintiff's complaint pursuant to FRCP 12(b)(5) and FRCP 12(b)(6). (Rec. Docs. 10, 13). Plaintiff, Dr. Elizabeth Kinsley, filed an opposition to the motions. (Rec. Doc. 20). The motions came for hearing with oral argument on October 17, 2007, and were taken under advisement. The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**I.     BACKGROUND**

Dr. Elizabeth Kinsley (hereinafter, "Plaintiff") was a plastic and reconstructive surgeon on the staff of Lakeview Regional Medical Center (hereinafter, "Lakeview Regional"). Lakeview Regional owned a tract of undeveloped land across the street from its hospital premises. In August of 2001, Lakeview Regional held a meeting with several staff physicians to discuss the physicians' proposed purchase of lots on this tract so that staff physicians could open medical offices across the street from the hospital. Plaintiff was not informed in advance of this meeting and was not invited to attend.

Plaintiff alleges that she informed Lakeview Regional on March 19, 2002 and on April 15,

1

2003 that she wanted to purchase one of the lots on the tract.  Lakeview Regional allegedly informed Plaintiff that it would not consider selling a lot to her until she agreed to divest herself of her shareholder interest in Fairway Medical Center, L.L.C., an ambulatory surgical and facility.  On July 30, 2004, Lakeview Regional confirmed its decision not to sell Plaintiff one of the lots without providing a reason for the decision.

On August 19, 2004, Plaintiff filed a complaint in this Court against Lakeview Regional (*Kinsley I*, Case Number 04-2381).  In *Kinsely I,* Plaintiff alleged that Lakeview Regional's refusal to sell her a lot was an unlawful restraint of trade and constituted unfair trade practices in violation of the Louisiana Unfair Trade Practices Act ("LUTPA").  She also made claims based upon the theory of detrimental reliance, violations of the Stark Anti-Kickback Statutes and the Federal Trade Commission Act.  This Court granted Defendant's Motions to Dismiss in *Kinsley I* pursuant to FRCP 12(b)(6) on April 4, 2006.  *See* Civil Action 04-2381, Rec. Doc. 44.  The matter was dismissed without prejudice and Plaintiff did not appeal the Court's ruling.

Plaintiff filed this action on April 23, 2007, asserting claims against Lakeview Regional Medical Center and its former chief executive officer, Max Lauderdale, for violations of LUPTA, promissory estoppel and *ultra vires* acts.  Dr. Kinsley alleges that an overture was made to her in mid-2006 that if she renewed conversations with Mr. Lauderdale, the "issue of the campus lot would be resolved."  At that time, Plaintiff had already purchased a lot in Northpark Subdivision to place her practice; nevertheless, she alleges she met with Mr. Lauderdale to discuss the proposed purchase of a Lakeview lot.  Plaintiff alleges that Max. Lauderdale requested she sell her share in Fairway Medical Center, L.L.C., in order to purchase one of the Lakeview lots and that she agreed to take this course.  She also alleges she proceeded to take "considerable steps" in reliance on this

"agreement" such as meeting with an architect. In the spring of 2006, Max Lauderdale allegedly informed Plaintiff that she was not wanted at Lakeview and that her lease on the office space in the medical office building would not be renewed. Plaintiff never purchased one of the Lakeview lots.

## II.   ARGUMENTS OF THE PARTIES

Defendants argue that the Plaintiff has merely restated her *Kinsley I* claims and that this action should be dismissed for the same reasons as *Kinsley I*. In sum, Defendants urge that Dr. Kinsley has not alleged that she is a consumer or business competitor of Lakeview and therefore, she lacks standing to bring an action under LUTPA. Defendants also urge that Plaintiff has not alleged that she divested herself of her interest in Fairway Medical Center, L.L.C., in reliance on any promise by Defendants and therefore, she fails to state a claim for detrimental reliance or promissory estoppel.

Dr. Kinsley asserts that she has standing to bring a claim under LUPTA because LUTPA claims are not limited to consumers or business competitors citing *Monroe Medical Clinic v. Hospital Corp. of America*, 622 So.2d 760, 763 (La. App. 2d Cir. 1993). Plaintiff further alleges that she was told in mid-2006 that if she renewed conversations with Mr. Lauderdale the "issue of the campus lot would be resolved." However, after renewing her conversations with Max Lauderdale as well as agreeing with his request that she sell her share in Fairway Medical Center, L.L.C., she was informed in the spring of 2006, that she was not wanted at Lakeview and that her lease on the office space in the medical office building would not be renewed. Plaintiff alleges that she relied to her detriment on the promises of Max Lauderdale and is therefore entitled to damages.

## III.   LAW AND ANALYSIS

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) "is viewed with disfavor and

is rarely granted." *Lowery v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Oliver v. Scott,* 276 F.3d 736, 740 (5th Cir.2002); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980). The Fifth Circuit has pointed out the proper inquiry on at Rule 12(b)(6) motion is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Lowery*, 117 F.3d at 247, citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357, at 601 (1969).

Dr. Kinsley has failed to state a LUPTA claim in the current action. In *Kinsley I,* this Court dismissed the Plaintiff's claims on the basis that she did not have standing to bring a claim under LUTPA and stated:

> Dr. Kinsley is a plastic surgeon with staff privileges at Lakeview Hospital, and she has not pled any facts that would show her to be a "consumer" under that definition. Further, as an individual plastic and reconstructive surgeon, Dr. Kinsley cannot assert that she is a "business competitor" of Lakeview Hospital. The fact that she holds an ownership interest in FMC [Fairway Medical] does not grant her competitor status.

Civil Action 04-2381, Rec. Doc. 44, p. 8.

In the present case, Plaintiff likewise has pled no facts that could show her to be a consumer or business competitor of Defendants as those terms have been defined under and in the case law interpreting LUPTA. This Court rejects Plaintiff's argument that she has standing to assert a LUPTA claim under the ruling of *Monroe Medical Clinic v. Hospital Corp. of America*, 622 So.2d 760 (La. App. 2d Cir. 1993). The court in *Monroe* allowed an individual physician to sue under

LUTPA after the hospital offered to sell him a lot then failed to consummate the transaction because he was no longer considered a "team player."  In that case, the Louisiana Court of Appeal for the Second Circuit ruled that "[t]he term 'person' [under LUTPA] includes, but is not limited to business competitors and consumers." *Id* at 763.  This Court ruled in *Kinsley I* that *Monroe* does not govern its decision and stated:

> Nevertheless, in resolving an issue of state law in the absence of a definitive ruling by the Louisiana Supreme Court, the Fifth Circuit has the responsibility to predict how that court would rule. *Matheny v. Glenn Falls Ins. Co.*, 152 F.3d 348, 354 (5th Cir. 1998)(citations omitted). In doing so, the decisions of intermediate state courts provide guidance, but are not controlling. *Id.*  In this instance, the United States Fifth Circuit has previously ruled that a private cause of action under LUTPA only applies to consumers and business competitors of a defendant.  Under the principle of *stare decisis*, these are the rulings that are binding on this Court.  Thus, as Dr. Kinsley has not and cannot allege that she is a consumer or business competitor of Lakeview Hospital, she does not have standing to bring a valid cause of action against Lakeview Hospital under LUTPA.

Civil Action 04-2381, Rec. Doc. 44.

Taking all the allegations in the instant complaint as true, and construing the complaint liberally in favor of the Plaintiff, this Court determines that the Plaintiff has failed to allege facts that could show she is either a consumer or business competitor of the Defendants under LUPTA. Accordingly, the Plaintiff's claims under LUPTA are dismissed with prejudice pursuant to Rule 12(b)(6) for failure to state a claim.

Plaintiff's detrimental reliance claim is also without merit.  The doctrine of detrimental reliance provides that "a party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was

reasonable in so relying." LSA-CC art. 1967. Three (3) elements must be established for a detrimental reliance claim: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance. *Industrias Magromer Cueros Y Pieles S.A. v. La. Bayou Furs,* 293 F.3d 912, 921 (5th Cir. 2002).

Assuming all facts as true as alleged in Plaintiff's complaint, she has failed to establish a *prima facie* claim for detrimental reliance. This Court ruled in *Kinsley I* that the Plaintiff's detrimental reliance claim could survive only if she divested herself of ownership of her interest in Fairway Medical Center, LLC, i.e. if she could prove she relied on a promise by Defendants to her detriment. In the instant action, Dr. Kinsley has not alleged that she actually divested herself of her interest in Fairway or that she relied to her detriment on any promise made by Defendants. She has only alleged, and can only prove, that she agreed to give up her interest in Fairway Medical Center, LLC. As such, Plaintiff has not sufficiently pled that she relied on any alleged promise by Defendants and failed to state a claim for detrimental reliance. Further, this Court finds that Plaintiff has not alleged facts that state a claim against Mr. Lauderdale personally for *ultra vires* acts. Construing the complaint in favor of the Plaintiff, and taking all facts pled as true, the Court finds that the Plaintiff has failed to state a claim and cannot state a claim for detrimental reliance against Defendants.

For the foregoing reasons, the Defendants' Motion is **GRANTED** as Plaintiff has not stated a claim for which relief can be granted.

Accordingly,

**IT IS ORDERED** that the Defendants' Motions to Dismiss under Rule 12(b)(6) be

**GRANTED** and the Plaintiff's action be dismissed with prejudice.

New Orleans, Louisiana, this 29th day of November, 2007.

_____
**UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.**